IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY WEINSTEIN<br>333 Crow Hill Road<br>Apt. 1<br>Barto, PA 19504<br>   Plaintiff<br><br>  v.<br><br>THE LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY<br>8801 Indian Hills Drive<br>Omaha, NE 68114-4066<br>   Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  NO.: |

## **COMPLAINT**

NOW COMES, the Plaintiff, Stacy Weinstein, by and through her Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, The Lincoln National Life Insurance Company, (hereinafter referred to as "Lincoln"), as follows:

**I. STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

2. All acts and occurrences material to the instant causes of action occurred within the jurisdictional boundaries of this Honorable Court.

**II.   FACTS:**

3. The Plaintiff, Stacy Weinstein, is an adult and competent individual with a physical address of 333 Crow Hill Road, Apt. 1, Barto, PA 19504.

4. The Defendant, Lincoln, under information and belief, is a business entity with a corporate headquarter address of 1300 South Clinton Street, Fort Wayne, IN 46802.

5. Lincoln is a business entity, which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, Lincoln, issued a policy providing disability insurance benefits to the Plaintiff through the Plaintiff's employer, Main Line Health, Inc.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Lincoln to the Plaintiff's employer.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with Lincoln. She received benefits under said policy until November 24, 2021.

12. By correspondence, Lincoln notified the Plaintiff that his claim was terminated and that she was not entitled to benefits beyond November 24, 2021 as the Defendant concluded that there was not proof of ongoing benefits.

13. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of his treating physicians in support of her claim.

14. By correspondence dated March 18, 2022, Lincoln denied the Plaintiff's administrative appeal and informed her of her right to bring a civil action disputing the adverse benefit decision.

15. Lincoln acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

16. The actions of Lincoln in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

17. The actions of Lincoln in denying the Plaintiff's claim for disability

insurance benefits are contrary to the language of the policy in question.

18. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

19. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

20. As a direct and proximate result of the actions of Lincoln as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

21. As a direct and proximate result of the actions of Lincoln, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from November 24, 2021 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Stacy Weinstein, respectfully requests that judgment be entered against Lincoln as follows:

1. Ordering Lincoln to pay to the Plaintiff, Stacy Weinstein, long term disability insurance benefits from November 24, 2021 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Stacy Weinstein, prejudgment interest on the

   award until the date of judgment;

3.  Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4.  Granting such other and further relief as the Court may deem just and proper.

               RESPECTFULLY SUBMITTED,

BY: _____

               Michael J. Parker, Esquire
               PA Bar ID No.: 93024

               Pond, Lehocky, LLP
               One Commerce Square
               2005 Market Street
               18th Floor
               Philadelphia, PA 19103
               (215)568-7500
               Mparker@disabilityjustice.com